CENTRAL PASTO VIEJO, INC., Plaintiff and Appellee, v. ARTURO APONTE, JR., Defendant and Appellant.

No. 3588. Argued February 1, 1926.—Decided February 5, 1926.

*Arturo Aponte, Jr.,* for the appellant. *Henry G. Molina* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In the motion made by the appellee for dismissal of the appeal in this case the following facts are related:

Judgment was rendered on December 2, 1922. Notice of appeal was filed on January 3, 1923, and the stenographic notes for the preparation of the statement of the case were not obtained until April 12, 1924. After that the appellant was granted respective extensions of 120, 60, 90, 30, 15 and 5 days and finally filed the proposed statement of the case on February 17, 1925; but it was so faulty that it was necessary for the appellee to offer amendments and additions to the oral and documentary evidence, and it was approved by the court in spite of the appellant's strong opposition; that for the purpose of speeding the progress of this appeal and its submission to the Supreme Court the appellee not only paid the expense of the preparation of a new statement of the case by the clerk of the court, but when the statement was approved on June 22, 1925, the transcript of the record, including the statement of the case, was prepared also at the appellee's expense, all of which was delivered to the

appellant on June 23, 1925, who, for the purpose of preventing a hearing of the case before the court's vacation, kept the said transcript until July 21, 1925, on which date it was filed in this court; that since then the following extensions of time have been granted for filing the brief:

| Date | Extension |
|------|-----------|
| July 30 | 30 days |
| Aug. 28 | 30 " |
| Sept. 25 | 30 " |
| Oct. 26 | 30 " |
| Nov. 25 | 20 " |
| Dec. 18 | 30 " |

The last extension expired on January 18, 1926, and on that date another motion was filed for a new extension of 30 days and is still pending. The appellant did not dispute any of the facts related and his opposition rests solely on an affidavit stating that the appeal was taken in good faith; that he had been occupied in the preparation of another brief, and that during various weeks in different months of the past year he and his family had been sick and he had been unable to engage in any professional work.

More than three years have gone by since the notice of appeal was filed and the circumstances indicate that it is an unusual case, for if it be taken into consideration also that this appeal is incidental to the case of *Central Pasto Viejo, Inc.*, v. *Aponte*, 34 P.R.R. 849, notwithstanding the voluminous record and the importance of the questions involved, of all of which the appellant, as appellee therein, made a study and analysis and there being reason to presume that he had a complete knowledge of the facts, it must be concluded that he failed in diligence in not having duly prosecuted the appeal. It would be unjust to leave an appellee, who has made every effort possible to advance the appeal, at the mercy of such delay when the timely perfection of the appeal depended on the appellant.

For the foregoing reasons the extension of time requested is denied and the appeal is dismissed.